# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALONSO CHAVEZ-GONZALEZ,<br><br>　　　　　Petitioner,<br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br>　　　　　Respondent. | CASE NO. 10-cr-1365 – IEG<br>Related Case: 12-cv-2737 – IEG<br><br>**ORDER:**<br><br>**(1) DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT HIS CONVICTION AND SENTENCE PURSUANT TO 28 U.S.C. § 2255 [Doc. No. 46];** and<br><br>**(2) DENYING CERTIFICATE OF APPEALABILITY** |

Presently before the Court is the motion of Petitioner Alonso Chavez-Gonzalez ("Petitioner") to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 46.][1] Petitioner, a federal inmate proceeding *pro se*, seeks relief based on two claims of ineffective assistance of counsel. [Id.] For the reasons given below, the Court, after due consideration, **DENIES** Petitioner's motion to vacate, set aside, or correct his conviction and sentence.

///

---

[1] Unless otherwise indicated, the Court's citations are to filings in 10-cr-1365.

## BACKGROUND

On March 16, 2010, a complaint was filed charging Petitioner with deported alien found in the United States in violation of 8 U.S.C. § 1326. [Doc. No. 1.] The case was assigned for proceedings before Magistrate Judge Barbara L. Major. [Id.] On April 14, 2010, Petitioner was charged by indictment for deported alien found in the United States in violation 8 U.S.C. §§ 1326(a) and (b). [Doc. No. 10.] On October 7, 2010, Petitioner pleaded guilty to count one of the indictment with a plea agreement. [Doc. Nos. 28, 30.]

On December 13, 2010, the Court sentenced Petitioner to a term of imprisonment of 77 months and a three-year term of supervised release. [Doc. No. 36.] Petitioner subsequently appealed his conviction and sentence, and on January 11, 2012, the Ninth Circuit affirmed the conviction and sentence. [Doc. Nos. 37, 45.] Petitioner alleges in his motion that on April 16, 2012, the Supreme Court denied his petition for writ of certiorari. [Doc. No. 46 at 2.]

By the present motion, Petitioner moves to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 46.] Petitioner claims that he was provided ineffective assistance of counsel in violation of his Sixth Amendment rights. [Id.] Specifically, Petitioner alleges that his counsel, Ms. Karen Lehmann ("Ms. Lehmann") was ineffective because she failed to "safeguard the plea agreement" process and failed to raise the "Shepard issue." [Id. at 4-5.]

## DISCUSSION

**I. Legal Standards for a § 2255 Motion**

Section 2255 provides that a federal prisoner seeking relief from a custodial sentence "may move the court which imposed the sentence to vacate, set aside or correct the sentence" on "the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack . . . ." 28

U.S.C. § 2255(a). To warrant relief under § 2255, a prisoner must allege a constitutional, jurisdictional, or otherwise "fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (internal quotation marks omitted) (quoting Hill v. United States, 368 U.S. 424, 428 (1962)). "Errors of law which might require reversal of a conviction or sentence on appeal do not necessarily provide a basis for relief under § 2255." United States v. Wilcox, 640 F.2d 970, 973 (9th Cir. 1981).

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must hold an evidentiary hearing on the merits of a § 2255 motion. 28 U.S.C. § 2255(b). The Ninth Circuit has explained the "standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted." United States v. Schaflander, 743 F.2d 714, 717 (9th Cir. 1984) (per curiam). Therefore, an evidentiary hearing is unnecessary if the allegations, "when viewed against the record, do not state a claim for relief or are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. Leonti, 326 F.3d 1111, 1116 (9th Cir. 2003) (internal quotation marks omitted).

## II. Legal Standards for Ineffective Assistance of Counsel

The Sixth Amendment guarantees criminal defendants the constitutional right to be represented by counsel at all critical stages of the prosecution. Turner v. Calderon, 281 F.3d 851, 879 (9th Cir. 2002). To prevail on a claim that his trial counsel rendered ineffective assistance, a petitioner must demonstrate that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 688-93 (1984). Under the performance prong of the Strickland test, the Court does not focus on whether counsel's advice was right or wrong, but whether that advice was within the range of competence demanded of attorneys in criminal cases. Turner, 281 F.3d at 881

(quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). There is a "strong presumption that counsel's conduct falls within the wide range of professional assistance." Strickland, 466 U.S. at 689. Under the prejudice prong, a petitioner must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

A petitioner must establish both deficient performance and prejudice in order to establish ineffective assistance of counsel. Strickland, 466 U.S. at 687; United States v. Olson, 925 F.2d 1170, 1173 (9th Cir. 1991). "Because failure to meet either prong is fatal to [a defendant's] claim, there is no requirement that [courts] address both components of the inquiry if the defendant makes an insufficient showing on one." Gonzalez v. Wong, 667 F.3d 965, 987 (9th Cir. 2011) (internal quotation marks omitted). The Supreme Court has recognized that "[s]urmounting Strickland's high bar is never an easy task." Padilla v. Kentucky, 130 S. Ct. 1473, 1485 (2010).

**III.   Analysis**

Petitioner argues that his counsel was ineffective because she failed to safeguard the plea agreement process and failed to object to the introduction of police reports as corroborating evidence to support the indictment. [Doc. No. 46 at 17-19.] The Court considers each ground in turn.

**A.   Failure to Safeguard Plea Agreement**

Petitioner argues that Ms. Lehmann failed to inform him about the Government's fast-track offer. [Id. at 18.] He argues that this failure to inform him about fast-track resulted in an additional 14 months to his sentence. [Id.] In his reply memorandum, Petitioner concedes that he is "not asserting that [Ms. Lehmann] was completely ineffective in [her] performance." [Doc. No. 59 at 1.] He also concedes that he "cannot say for certain that [Ms. Lehmann] attempted to

convey this information . . . ." [Id. at 2.]  He states that "[p]erhaps [Ms. Lehmann] at some earlier time addressed the issue . . . ." [Id.]  Petitioner then argues that "miscommunication" with Ms. Lehmann  due to a language barrier and his lack of aptitude in the "legal discipline" are the reasons why he did not understand the Government's fast-track proposal.  [Id.]

A defendant's Sixth Amendment right to counsel extends to the plea-bargaining process.  Lafler v. Cooper, 132 S. Ct. 1376, 1384 (2012).  The two-part Strickland test applies to guilty pleas based on ineffective assistance of counsel. Hill v. Lockhart, 474 U.S. 52, 57 (1985).  "[D]efense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused."  Missouri v. Frye, 132 S. Ct. 1399, 1408 (2012).

On July 22, 1993, the United States Attorney's Office for the Southern District of California implemented the fast-track policy for defendants charged with violating 8 U.S.C. § 1326(b).  United States v. Estrada-Plata, 57 F.3d 757, 759 (9th Cir. 1995).  Under the fast-track policy, a defendant may enter a pre-indictment guilty plea to a violation of 8 U.S.C. § 1326(a).  Id.  A defendant must waive indictment to take advantage of this policy.  Id.

Petitioner's contentions regarding Ms. Lehmann's failure to inform him about the Government's fast-track offer are contradicted by the record.  There is an email from Ms. Lehmann to the United States Attorney's Office which state that Petitioner "had a change of heart" and "no longer wishes to waive indictment." [Doc. No. 52-3, Ex. 2, Email from Karen Lehmann to Jaime Parks.]  The transcript of a preliminary hearing continuance before Magistrate Judge Major confirms Petitioner's decision to not waive indictment.  During the hearing, Ms. Lehmann explained the following:  "This is a case that we initially thought we would waive indictment on and then decided that we'd like it just indicted and to proceed preparing for trial." [Doc. No. 52-4, Ex. 3, Apr. 13, 2010 Tr. of Preliminary

1 Hearing Continuance at 4.]

2 The Court finds that Petitioner has not overcome the "strong presumption that
3 counsel's conduct falls within the wide range of professional assistance" in light of
4 the circumstantial evidence that Ms. Lehmann informed Defendant of the
5 Government's fast-track offer and Petitioner's own statements in his reply brief that
6 she may have addressed the fast-track offer with him. See Strickland, 466 U.S. at
7 689. [Doc. No. 59 at 2.]

8 Furthermore, the Court does not give weight to Petitioner's contentions in the
9 reply memorandum that a language barrier between him and Ms. Lehmann led to his
10 failure to understand the Government's proposal. At the change of plea hearing,
11 Petitioner confirmed on the record that he understands spoken English fluently.
12 [Doc. No. 52-10, Ex. 9, Sept. 21, 2010 Tr. of Change of Plea Hearing at 5.] He also
13 indicated that he went over documents with his lawyer in English, and that he
14 understood them. [Id.] Finally, Petitioner indicated that he was satisfied with the
15 representation he had received from Ms. Lehmann. [Id. at 13.] See United States v.
16 Grewal, 825 F.2d 220, 223 (9th Cir. 1987) (holding that declarations made by a
17 defendant in open court and under oath regarding his counsel's performance "carry
18 a strong presumption of verity"). Because Petitioner's conclusory contentions in his
19 motion are contradicted by the record, the Court **DENIES** his motion without an
20 evidentiary hearing on the ground that Ms. Lehmann failed to inform him of the
21 Government's fast-track offer.

22 **B.     Failure to Object to Introduction of Police Reports**

23 Petitioner also asserts ineffective assistance of counsel due to Ms. Lehmann's
24 failure to object to the introduction of police reports as corroborating evidence to
25 support the indictment. [Doc. No. 46 at 18-19.] More specifically, Petitioner
26 argues that "the court examination of records used to corroborate his guilt as to the
27 California aggravated felonies was improper vis a vis Shepard" and that "[t]he court
28 made a finding of guilt in this instant [sic] with out [sic] a proper record of

documentation to make that finding." [Id. at 19.] Petitioner states that Shepard forbids a sentencing court from looking to police reports or complaint applications to determine whether an earlier guilty plea necessarily admitted, and supported a conviction for a crime. [Id. at 18.]

From the Court's review, it is unclear exactly what Petitioner is challenging. There is no indication from the transcript of the sentencing proceedings before this Court on December 13, 2010 that the Court relied on police reports. [See Doc. No. 52-11, Ex. 10, Dec. 13, 2010 Tr. of Sentencing Proceedings.] Furthermore, Petitioner in the plea agreement conceded that he "suffered an aggravated felony conviction for Possession For Sale of a Narcotic/Controlled Substance, in violation of California Health & Safety Code § 11351, in the Superior Court of California, County of Los Angeles." [Doc. No. 28 at 4.]

Accordingly, the Court finds that Petitioner is unable to show prejudice–because Petitioner admitted to the aggravated felony conviction in the plea agreement, he cannot show a reasonable probability that the result of the proceeding would have been different." Strickland, 466 U.S. at 694. The Court **DENIES** Petitioner's motion without an evidentiary hearing on the ground that Ms. Lehmann failed to object to the introduction of police reports.

## **CONCLUSION**

For the reasons above, the Court **DENIES** Petitioner's motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255. The Court also denies a certificate of appealability because Petitioner has not "made a substantial showing of the denial of a constitutional right." See 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

**Dated:** August 14, 2013

_____
**IRMA E. GONZALEZ**
**United States District Judge**